

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 16, 2019

**BY ECF and BY E-MAIL**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re:  **United States v. Katerina Arvanitakis, 15 Cr. 457 (KPF)**

Dear Judge Failla:

In connection with the sentencing of the defendant in the above-captioned action, this Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment ordering, among other things, the forfeiture to the United States of all of the defendant's right, title and interest in $450,000 held in a bank account in the name of CSH Ventures LLC Settlement Fund, Gordon & Haffner, LLP, Attorney Trust Account (the "Specific Property"). On May 24, 2018, Nadine and Paul Bibbo (the "Bibbos") filed a petition in which they asserted sole ownership over the full amount of the Specific Property. On May 30, 2018, Gordon & Haffner, LLP ("G&H") filed a petition claiming ownership over $60,000 of the Specific Property (the "Claimed Funds"). On November 5, 2018, the Court granted the Government's motion to dismiss the petition filed by G&H (the "Dismissal Order").

On January 11, 2019, G&H filed a Notice of Appeal as to the Dismissal Order. The resulting appeal (the "G&H Appeal") is now fully briefed and scheduled to be heard on submission by the Second Circuit in mid-January. Last week, the Second Circuit issued an order directing the parties to file supplemental letter briefs by Friday, December 20, 2019 addressing whether the Dismissal Order is appealable under Rule 32.2(c)(3) of the Federal Rules of Criminal Procedure, which provides that "[i]f multiple third-party petitions are filed in the same case, an order dismissing or granting one petition is not appealable until rulings are made on all the petitions, unless the court determines that there is no just reason for delay."

Here, the Bibbos' petition as to the Specific Property remains outstanding, and there was no finding by this Court that there existed "no just reason for delay" of an appeal of the Dismissal Order. Therefore, under Rule 32.2(c)(3), the Notice of Appeal is, as the case currently stands, invalid. However, as set forth in further detail below, the Government and the Bibbos are in agreement as to how the Specific Property should be distributed, and have entered into a Stipulation and Order memorializing that agreement, such that there exists no remaining issues that must be litigated in this matter, beyond resolution of G&H's claim. Resolution of the Bibbos' petition by the entrance of the Stipulation and Order would cure any remaining obstacles, allowing

the now fully-briefed G&H Appeal to proceed, which is in the interests of judicial efficiency. *See United States v. Bryson*, 406 F.3d 284 (4th Cir. 2005) (finding a notice of appeal of a third-party claim to forfeited assets filed before all claims were resolved could proceed and noting that "a notice of appeal from an order disposing of all claims of one party 'filed before the district court disposes of all claims [of all parties] is nevertheless effective if the appellant obtains…final adjudication before the court of appeals considers the case on its merits'") (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1179 (10th Cir.2002)). Accordingly, the Government writes now to respectfully request that this Court enter the enclosed Stipulation and Order, resolving the third-party petition filed by the Bibbos and to further respectfully request that this Court make a finding that, even absent the entry of the proposed Stipulation and Order, no just reason exists to delay hearing the G&H Appeal.[1]

With regard to the Stipulation and Order, the Government recognizes that the Bibbos—who, as the Court knows, were among the victims of the scheme carried out by Arvanitakis and her co-defendant, Brandon Lisi—are entitled to the entirety of the Specific Property, pursuant to Title 21, United States Code, Section 853(n)(6)(A). The Stipulation and Order provides that the Government will transfer all of the Specific Property, except for the Claimed Funds, to the Bibbos, and will transfer the Claimed Funds to the Bibbos within a reasonable time after a judmgnet with respect to the G&H petition becomes final, unless G&H is awarded any portion of those funds. The Government respectfully requests that the Court enter the enclosed Stipulation and Order, which has been signed by the Bibbos and their counsel, as well as by the Government. The Government has conferred with David Gordon, Esq., counsel for G&H, who has no objection to the entrance of the Stipulation and Order.

Additionally, the Government respectfully requests that this Court find "no just reason for delay" of resolution of G&H's appeal of the November 5 Order. As set forth above, the only remaining third party claim to the Specific Property is that of the Bibbos, which the Government recognizes as valid and intends to satisfy by returning the Specific Property, subject to any contrary ruling as to the Claimed Funds. As a result, the only practical effect of a dismissal of the G&H Appeal to permit resolution of the Bibbos' claim would be to allow for the entrance of the Stipulation and Order and then, presumably, a re-filing of the G&H Appeal and renewed briefing of the same issues raised on the currently pending appeal. This would only serve delay a resolution of the competing claims to the Claimed Funds, and the ultimate disbursement of those funds.

---

[1] This Court may provide the requested relief, despite the pending appeal, both because the Notice of Appeal was invalid when filed and, therefore, cannot divest this Court of jurisdiction and, separately, because to do so is in the interests of judicial economy. *See United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996) ("The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time ….We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal") (internal quotations omitted); *see also United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989).

For the reasons set forth above, the Government respectfully requests that this Court enter the enclosed Stipulation and Order and make a finding that, even absent the entry of the proposed Stipulation and Order, no just reason exists to delay hearing the G&H Appeal.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
Katherine Reilly/Noah Solowiejczyk
Assistant United States Attorneys
(212) 637-6521/2473

Enclosure

cc: James Kousouros, Esq. (by e-mail)
Michael Manoussos, Esq. (by e-mail)
David Gordon, Esq. (by e-mail)

The Court is in receipt of the Government's letter, and hereby finds
on the record before it that there exists no just reason to delay the
appeal by Gordon & Haffner, LLP of this Court's dismissal.  The Court
will So Order the Proposed Stipulation and Order under separate cover.

Dated:    December 17, 2019        SO ORDERED.
           New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE