

**Palmieri Law, PC**

Attorneys at Law

250 Mineola Boulevard, Mineola, New York 11501
Tel: 516-248-9595 – Fax: 516-248-7897

January 3, 2020

Hon. Katherine Polk Failla
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: United States v. Lisi 15 Cr- 00457 (KPF)

Dear Judge Polk Failla:

    I submit this letter on behalf of Brandon Lisi's application for a compassionate release pursuant to § 18 UCS 3582( c)(1)(A)(i).

    I was first introduced to Mr. Lisi when his co-defendant, Ms. Katerina Arvanitakis, contacted me to see if I could either help Brandon or his mother, Charlotte Lisi, with various civil litigation matters that they were involved in.

    From the very first time I met Brandon, and consistently until today, his primary concern and request of me was to assist his Mother in any way possible because she was incapacitated and with limited resources. Brandon told me that his mother's situation was dire, as she had no money and her utilities could be shut off any time. Further, he was concerned that her aides were not being paid and that should they abandon his mother she would be alone and helpless. I told him that I would investigate his concerns and let him know what if anything I could do to help.

    I went to meet with Mrs. Lisi at her home. She was in fact incapacitated and bedridden due to a stroke. She was paralyzed with virtually no mobility. She showed me numerous outstanding bills that had not been paid by her trustee. Her home, although adequate was in serious need of care and repair, but she did not have the funds to make these repairs and her trustee was not making them either. Furthermore the aides had complained that they had not been paid and that many times they didn't even have money for food. They basically survived on Mrs. Lisi's social security payments which wasn't much.

    Since that initial meeting things have gotten progressively worse. I was informed by the Suffolk County District Attorney's office that after a full investigation that Mrs. Lisi was defrauded by her former trustee who depleted her trust account and left her penniless. This Trustee, Mr. Bivona, was charged and ultimately convicted. Some restitution was being paid, but it was not nearly enough to make her trust whole.

Hon. Katherine Polk Failla
Page 2 of 3

Over these last few years I have continued to assist her on numerous other legal matters such as appointing a new trustee and non-legal matters such as correcting issues with her utility companies, her insurance and medical issues, to name a few. Had Brandon been home to address these matters they either would have been taken care of or never would have existed at all. In his absence I have continued to provide whatever assistance I can, even though whatever retainer I was paid has long since been exhausted. Mrs. Lisi's physical, medical and living conditions are such that simply as a human being I could not abandon her. Unfortunately, this assistance is still woefully inadequate.

In my humble opinion she is in desperate need of constant care. Someone who can tend to her physical needs, someone who cares for her and not just strangers doing a job. Someone who can coordinate her doctor visits and take personal attention to her diagnosis when she is hospitalized. No one should have to spend the last days of their life under these conditions.

If Brandon were placed on house arrest to finish the remainder of his sentence he could provide this care and comfort to his mother. He could attend and take care of the repairs that are desperately needed to make her living conditions better. He could investigate and coordinate with her doctors to make sure that her medical diagnosis is correct and that any progression of her illnesses are treated properly.

Currently I have been informed that Mrs. Lisi has several new health issues with competing diagnosis by two doctors one believing that she has a cancerous mass and another stating that it is not cancer. Unfortunately Mrs. Lisi has not been able to get a proper response and Brandon cannot speak to the doctors from prison, so I have sent out HIPPA authorizations to try and determine what the real situation is so that a proper course of action can be taken. Brandon would have addressed this and she would be receiving the proper care already instead of us just trying to find out what's wrong and by the time we do valuable time will have been lost.

Your Honor may say well her new trustee should be handling this, but Mr. Picone while an old an trusted friend of the family, does his best to assist Mrs. Lisi with her needs, he is also limited at best since there is almost no money available and he lives in NYC while Mrs. Lisi lives in Melville, Suffolk County.

Brandon is also dealing with his own medical issues that have gone either without proper treatment or misdiagnosed in prison. If given house arrest he could have his medical conditions properly treated as well. His sentence should not result in the possible death of his mother and him being permanently disabled.

It is my understanding that Brandon has served his first sentence and in already into his second sentence for charges stemming from and almost identical to his first conviction. While his convictions were for serious offenses they were all non-violent offences that were related to his being a licensed attorney. If Brandon were to be released to house arrest he would pose no danger to society as he is not a licensed attorney anymore and he would still be under the watchful eye of the Government.

      I humbly believe that the greater good would be accomplished should this Court consider and grant this compassionate release request. Brandon would still be completing his sentence and his mother would get the comfort and aide she most desperately needs in the final years of her life.

      She has no other family willing to care for her as her daughter has moved out of state and refused to be her caregiver. Her trustee is also a contemporary of Mrs. Lisi and limited in his ability to help her since the trust has little or no money and he lives in NYC. Only Brandon would be in a position to accept the responsibility to work and pay for his mother's wellbeing.

      In conclusion, it is clear to me that Brandon has made some terrible mistakes and he has accepted and been punished for his actions. Please consider releasing him to care for his mother and his own health as these are compelling and unique circumstances that I have personally witnessed. Brandon's continued incarceration will only guarantee that his mother will be the one who will likely pay the ultimate price of not having her son present in her final days.

      Accordingly, I would respectfully request that this Court consider reducing Brandon's sentence and or allow him to be his mother's caretaker by placing him under house arrest. Thank you for this opportunity to address the Court, should you have any other questions or concerns please feel free to contact me.

      Very truly yours.

      /s/

      Vito A. Palmieri, Esq.